## SCHOOL DISTRICT NO. 61, PAYNE COUNTY, v. CONSOLIDATED DISTRICT NO. 2, COYLE, LOGAN COUNTY.

No. 15398—Opinion Filed June 16, 1925.

### 1. Officers—Statutory Directions as to Procedure—When Mandatory.

In general, statutory provisions directing the mode of proceeding by public officers and intended to secure order, system, and dis-

patch in proceedings, and by a disregard of which the rights of parties cannot be injuriously affected, are not regarded as mandatory, unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated. 25 R. C. L. p. 769, sec. 16.

**2. Schools and School Districts—Transfer of Pupils—Statutory Procedure—Substantial Compliance.**

The provisions of section 10602, C. S. 1921, relating to the time of notice of the filing of application for transfer of pupils from one school district to another, and the mode prescribed for making transfer of pupils, are directory and not mandatory, and a substantial compliance with same by the county superintendent is sufficient, in the absence of proof of material injury or substantial injustice resulting therefrom to the aggrieved party.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Payne County; Charles C. Smith, Judge.

Action by Consolidated District No. 2, Coyle, Logan County, against School District No. 61, Payne County. Judgment for plaintiff, and defendant brings error. Affirmed.

John P. Hickam, for plaintiff in error.

John J. Hildreth and F. H. McGuire, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Payne county, Okla., by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, to recover certain sums of money due the plaintiff from the defendant by reason of the transfer of certain pupils from the defendant school district No. 61, of Payne county, Okla., to the plaintiff, consolidated school district No. 2, Coyle, Logan county, Okla. The amount sued for represents the per capita tuition for maintenance of the plaintiff, school district No. 2, Coyle.

Upon the trial of the case before the court without the intervention of a jury, judgment was rendered for the plaintiff and against the defendant for the amount sued for, from which judgment this appeal is prosecuted. The defendant admits that the pupils were transferred by the county superintendent from district No. 61 of Payne county to consolidated district No. 2, Coyle, Logan county, and that the three pupils, viz., Jake Shellhammer, Inez Shellhammer, and Royal Clark, pursuant to such transfer attended the consolidated district No. 2,

Coyle, for the entire school year of 1922-1923, and received the full benefit of said school term, but denies any liability, for the reason that the transfer was not regularly made as provided by our statute, section 10602, C. S. 1921, as follows:

"All requests for transfer by the parent or guardian of any child or children shall be made and filed with the county superintendent not later than the first day of June. The county superintendent shall, not later than the fifth day of June, notify in writing the school boards of every district from or to which an application for transfer has been made, that he will on the tenth day of June hold a hearing regarding said application for transfers. If the transfer is to be made to a district in another county the county superintendent shall notify the county superintendent of the county to which the transfer is to be made of the request for the transfer, who shall then notify the district affected. On the date of said hearing any person or persons of an affected district may appear before the county superintendent and give any reason why the transfer should not be made. After the hearing, if the county superintendent is of the opinion that it is to the best interest of the school children, and that the best interests of the schools will not be adversely affected, he shall make the transfer. If he is not so satisfied, he shall refuse the transfer. Provided, that any person interested in such transfer shall have the right of appeal from the action of said superintendent to the board of county commissioners, who shall hear said appeal at their next meeting after said appeal shall have been perfected before said board, and their decision thereon shall be final."

From which it will be noted that the request for transfer shall be made not later than the first day of June; that notice to the districts affected shall be given by the county superintendent not later than the 5th day of June; that he will on the 10th day of June hold a hearing regarding the applications for transfers.

The record discloses in this case that the application for the Shellhammer children was filed May 29th, and the notice of the filing of the application was not issued until June 8th, three days later than provided by the statute, and while the evidence is not conclusive, it appears that the notice was not received by the board, the appellants herein, until possibly June 13th, and on June 14th notice was issued by the superintendent of Payne county and mailed to the board advising them that a hearing had been had on June 10th and two of the Shellhammer children transferred to the Coyle district, and also notice was served on

the county superintendent of Logan county to serve notice on the school board of Coyle district of the transfer. It further appears that the application for the transfer of Royal Clark was filed on June 3rd by Mr. McAnally, clerk of the school district No. 61, Payne county, appellant herein, and notice of the application was not given until June 10th, the day on which the hearing seems to have been had, and notice of the action of the county superintendent in making the transfer seems to have been issued on June 14th. The notices issued on June 14th to the different school districts notifying same of the transfers do not bear the signature of the county-superintendent, and this irregularity is also complained of.

The specifications of error alleged by appellant go to the question of whether or not the provisions of our statutes heretofore referred to, directing the county superintendent in the manner of making the transfers, are mandatory .or directory, and contend that the provisions requiring the notice to be given not later than June 5th of the application for transfers is mandatory and jurisdictional, and that the failure to comply with said provision renders all proceedings in this case void.

This presents a rather difficult question, and no very clear and well-defined rules have been established to guide courts in passing upon the question as to whether a statute is mandatory or directory. The case of People v. Cook, 14 Barb. (N. Y.) page, 259, seems to be one among the early cases passing upon this question, and is frequently referred to in later decisions, wherein the following rule is announced in the syllabus of the opinion:

"Statutes directing the mode of proceeding by public officers are directory, and a strict compliance with their provisions is not essential to the validity of the proceedings, unless it be so declared in the statutes.

"Within this principle, where a statute directs a public officer to do a thing within a certain time without any negative words restraining him from doing it afterwards, the naming the time will be regarded as directory merely, and not as a limitation of his authority.

"This rule has been very steadfastly adhered to by the courts, in all cases where certain acts are directed to be done, by public officers, within a stated time, and in a particular manner, when those acts are of a public character, and concerning the public interest or when the rights of third persons are concerned."

A discussion of the rules announced in the syllabus above quoted will be found on page 290 and the following pages of the opinion, citing numerous authorities illustrating the application of the rules announced.

In 25 R. C. L. p. 769, sec. 16. the following language is found:

"In general, statutory provisions directing the mode of proceeding by public officers and intended to secure order, system, and dispatch in proceedings, and by a disregard of which the rights of parties cannot be injuriously affected, are not regarded as mandatory, unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated. * * *"

A further discussion which throws some light upon the subject may be found in sections 17 and 18, Id. The case of Gallup v. Smith, 59 Conn. .354, is an authority frequently cited, wherein the Connecticut court construes a statute providing that where a probate judge was disqualified or unable to act in any particular case, the clerk of the court should cite in, or call, the probate judge of an adjoining district to try the case. In this case the probate judge notified the judge of an adjoining district and requested him to try a certain case, and when passing upon this irregularity the court held that such statutes were merely directory and not mandatory; citing People v. Cook, supra, and Veazie v. China, 50 Maine, 518, wherein the court said:

"Where words are affirmative and relate to the manner in which power or jurisdiction vested in a public officer or body is to be exercised, and not to the limit of the power or jurisdiction itself they may and often have been construed to be directory."

Quoting further from Lord Mansfield in Rex v. Loxdale, 1 Burr. 445:

"Made the question whether a statute should be considered mandatory or not depend upon 'whether that which was directed to be done was or was not of the essence of the thing required.' "

And in the body of the opinion of Gallup v. Smith, on page 358, the court said:

"It is of course difficult to lay down a general rule to determine in all cases when the provisions of a statute are merely directory and when mandatory or imperative, but, of all the rules mentioned, the test most satisfactory and conclusive is, whether the prescribed mode of action is of the essence of the thing to be accomplished, or, in other words, whether it reacts to matter material or immaterial—to matter of convenience or of substance."

And in further discussing the case said, in substance, that the thing to be accomplished was to obtain a probate judge from some other district who was not disqualified to try the cause and could legally determine the case, and that the question of notice was merely an incident to the essence or substance sought, and whether the notice was given by the clerk of the court, as provided by the statute, or by the judge of the court was not the essence or substance of the provision.

In the case of Norris v. Cross, 25 Okla. 287, 105 Pac. 1000, in passing upon a somewhat similar question, Justice Hayes quotes from Jones v. State, 1 Kan. 273:

"Those directions which are not of the essence of the things to be done, but which are given with a view merely to the proper, orderly, and prompt conduct of the business and by the failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and, if the act is performed, but not in the time or in the precise mode indicated, it will still be sufficient, if that which is done accomplishes the substantial purposes of the statute." (Lewis Sutherland's Stat. Con. par. 611.)

In Mo. Pac. Ry. Co. v. McIntosh, 92 Okla. 153, 218 Pac. 693, second paragraph of syllabus thereof:

"When the statutes simply provide that certain acts or things shall be done within a particular time or in a particular manner, and does not declare that their performance is essential to the validity of the election, then they will be regarded as mandatory if they do, and directory if they do not, affect the actual merits of the election."

36 Cyc. 1157 and cases there cited and the case of Bowers v. Smith, 111 Mo. 45, and many other authorities are cited in the McIntosh Case bearing upon, and discussing the question.

In the case of State v. Rayburn, 2 Okla. Cr. 413, 101 Pac. 1029 in the body of the opinion, page 1031, we find this language:

"One of the tests laid down by eminent law-writers in determining whether a statute is directory or mandatory is the presence or absence of negative words plainly importing that the act should be done in a particular manner or time and not otherwise."

In the case at bar the essence or substance of the particular statute involved is the authority given to transfer pupils from one school district to another, lodging that power and authority in the county superintendent, and we take it that the question of notice. as to time, and the manner of notice are merely incidents to the general purpose and intent of the statute, setting forth the mode or manner or direction to the public officers directing him to proceed in an orderly manner and with due dispatch in the discharge of his duty to the public, but the matter of prime importance to be accomplished is the transfer, and while the irregularities complained of are in no wise commendable and public officers should never be guilty of such dereliction in the discharge of their duty, nevertheless, if no injury or injustice necessarily flows from the dereliction, we believe that the general rules, or test, which have heretofore been cited, justify the holding that the statute involved as to notice should be declared to be directory, and not mandatory. We think it reasonable to conclude that the act of the Legislature in requiring the application for removal to be filed not later than June 1st, and the notice of the hearing be given not later than June 5th, and that the hearing be had on June 10th, was for the purpose and with the intent of giving an opportunity for all transfers to be made, and the appeals taken therefrom if desired, and be finally disposed of, before the time arrived for the meeting of boards of equalization and other constituted authorities whose duty it is under the law to assess and levy sufficient taxes for the various school districts and municipalities of the counties, that they might know the needs and necessities of such school districts, and in this case it seems that the parties aggrieved, and who are now complaining, at least had notice of the transfers not later than June 14th, at which time they might have appealed, had they desired to further contest the order made by the county superintendent, and we are unable to see where they have suffered or did suffer any injustice by reason of the irregularities complained of. The transfer unquestionably was made although the notice sent out by the county superintendent did not bear her signature; the district to which the pupils were transferred accepted the notice as received, and the pupils attended the school, received the services and benefits thereof without objections on the part of the Coyle district, appellee herein, and no good reason has been assigned, and we perceive none, as to why the appellant, school district No. 61, should not pay for the services rendered and the benefits received by pupils from its district transferred to the Coyle district, and we therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.