SCHOOL DISTRICT No. 62, CRAIG CO., v. SCHOOL DISTRICT No. 17, CRAIG CO.

No. 19005. Opinion Filed March 11, 1930.

Rehearing Denied May 13, 1930.

W. H. Kornegay, for plaintiff in error.

Richard L. Wheatley and Jess L. Ballard, for defendant in error.

LEACH, C. This action was commenced April 17, 1926, in the justice of the peace court of Craig county by school district No. 17, against district No. 62, of that county, to recover the sum of $50 alleged to be due the plaintiff school district for tuition or transfer fees. Judgment was entered for plaintiff, and an appeal was taken to the county court where judgment was again entered for plaintiff, and defendant brings this appeal.

The case was tried on an agreed statement of facts which shows, in part and substance, that Ruth Houx, a resident of school district No. 62, was enumerated for the school year 1924-25, as one of the pupils of that district; she was born October 12, 1903; that upon application and notice, a transfer was granted her as provided by chapter 86, art. 20, C. O. S. 1921, to school district No. 17, and her transfer fee was included in the estimate submitted by school district No. 62 to the excise board of that county, which estimate in the sum of $59.45 was approved by the board, and such amount was on hand subject to warrant on June 10, 1925; that the pupil attended a nine months' term of school in district No. 17. On June 11, 1925, district No. 62 issued its warrant in favor of district No. 17 for the sum of $9.45 to cover the tuition of such pupil from the date of the beginning of the school term in district No. 17 up to October 12, 1924, the date the pupil became 21 years of age, which warrant was received and cashed by district No. 17.

The plaintiff in error presents its several assignments of error under three propositions, the first being, in substance, that:

"The pupil, Ruth Houx, was not entitled to attend common public school after reaching 21 years of age, but conceding she was, school district No. 62 was not liable thereafter for her tuition."

The question or proposition presented does not appear to have ever been considered by this court, nor is any case cited thereon from any other jurisdiction. Plaintiff in error, in support of the proposition, calls attention to the several provisions of our Constitution relating to free public schools and the revenues therefor, and says that the Constitution does not provide that a person over 21 years of age may attend the common schools at public expense, and argues that to permit such to be done would be violative of the Constitution. We think it might be conceded that the Constitution does not so direct, but the question arising in this suit and the issue to be here determined is not whether the Constitution provides that a person over 21 years of age may attend the free common schools, but rather does the statute authorize the incurring of a liability and the allowance of a claim thereon, such as is sought to be enforced by this action, and, if so, does the Constitution conflict with and prohibit such statutory enactment?

Article 13 of the Constitution, section 1, provides:

"The Legislature shall establish and maintain a system of free public schools where-

in all the children of the state may be educated."

Section 4:

"The Legislature shall provide for the compulsory attendance at some public or other school, unless other means of education are provided, of all the children in the state who are sound in mind and body, between the ages of eight and sixteen years, for at least three months in each year."

Section 3 of art. 11 of the Constitution provides in part:

"The interest and income of the permanent school fund, * * * and any other sums which may be added thereto by law, shall be used and applied each year for the benefit of the common schools of the state, and shall be, for this purpose, apportioned among and between all the several common school districts of the state in proportion to the school population of the several districts. * * *"

The provisions of the Constitution directing the Legislature to establish and maintain a system of free public schools wherein all the children of the state may be educated is a command to the Legislature, and cannot be construed as a restriction or limitation on its power to provide free schools for those who may not come within the strict classification of children as we usually understand the word "children" to mean when considered in relation to the age of persons.

Article 5, section 36 of the Constitution provides:

"The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever."

In the body of the opinion, in the case of Prairie Oil & Gas Co. v. District Court of Grady County, 71 Okla. 32, 174 Pac. 1056, it is said:

"Subject to the rights reserved to the people, the Legislature had the power to enact any law not inconsistent with the state or federal Constitution, even though the subject had already received consideration on the part of the makers of the Constitution."

A similar construction was announced by the Supreme Court of Colorado in Re Kindergarten Schools, 32 Pac. 422, in response to an inquiry of the Legislature of that state as to its power to authorize by legislation the establishment of kindergarten schools, it being there stated in part:

"As we are advised, the particular provision of the Constitution that gave rise to the doubt your honorable body entertains in regard to the validity of the proposed legislation, is section 2, art. 9, which is as follows: 'The general assembly shall, as soon as practicable, provide for the establishment and maintenance of a thorough and uniform system of free public schools throughout the state, wherein all residents of the state, between the ages of six and 21 years, may be educated gratuitously. One or more public schools shall be maintained in each school district within the state, at least three months in each year; any school district failing to have such school shall not be entitled to receive any portion of the school fund for that year. And we understand that such doubt is as to whether the language of this section limits the power of the Legislature to establish any free schools other than therein specifically mentioned. The rule of construction to be applied to our Constitution is announced in Alexander v. People, 7 Colo. 155, 2 Pac. Rep. 894, as follows: 'The Legislature being invested with complete power for all the purposes of civil government, and the state Constitution being merely a limitation upon that power, the court will look into it, not to see if the enactment in question is authorized, but only to see if it is prohibited.' Unless, therefore, the Constitution, in express terms or by necessary implication, limits it, the Legislature may exercise its sovereign power in any way that, in its judgment, will best subserve the general welfare. Read in the light of this rule of interpretation, and the wise and liberal policy of the state in educational matters, the section is clearly mandatory, and requires affirmative action on the part of the Legislature to the extent and in the manner specified, and is in no measure prohibitory or a limitation of its power to provide free schools for children under six years of age, whenever it deems it wise and beneficial to do so."

The plaintiff in error in its brief states:

"From time to time the Legislature has enacted laws pursuant to the Constitution, and while there has never been a formal declaration from the Legislature in expressed words, saying that only persons between the age of six and 21 years shall attend public schools, it appears to have been taken for granted all the way through, that adults are not entitled to the benefits of the common schools of this state."

In sections 4972-3, C. O. S. 1921, females over the age of 18 are classed as adults. Nowhere in our Constitution do we find any definition of the words "school population" or "children," as used in the quoted sections of the Constitution. However, as we construe it, the Legislature, by the provisions

of chapter 86, art. 13, sections 10493 to 10502, inc., C. O. S. 1921, indicated, fixed, and defined the persons who should be enumerated, classed, and entitled to attend the free public schools. Section 10495, C. O. S. 1921, reads:

"Persons to be enumerated shall be those living within the school district on the date of January 15, time of taking the enumeration, with bona fide residence, and who are over the age of six and under 21 years of age; provided, that persons who will be six years of age on or before the first day of September following will be counted and persons who will be 21 years of age on or before the first day of September following shall not be counted."

The word "scholastic," used in chapter 86, is defined, in part, in Webster's International Dictionary as "a scholar or student," and apparently its application is not necessarily restricted to children. Section 10271, C. O. S. 1921, reads as follows:

"The words 'common schools' shall be construed to mean all the schools of this state receiving aid from the state out of the common school fund." •

The stipulation of fact on which this case was tried does not show what funds, if any, were to be used from the state aid or apportionment in payment of the tuition of the pupil transferred.

School district No. 62 listed and enumerated the transferred pupil for the scholastic year 1924-25, and made no objection to the transfer of the pupil to district No. 17, and included within its annual estimate an amount to cover the transfer fees, which estimate was allowed and approved by the excise board, and the record is silent as to any objection being made to the payment of such transfer fee or liability therefor until the close of the school term.

In the early case of Board of Education of El Reno v. Hobbs, 8 Okla. 293, 56 Pac. 1052, which involved the right of a pupil to attend school in a certain district, the court there said:

"Having enumerated the plaintiff in its list of children entitled to school privileges, and having received from the territorial treasurer the distributive portion of the public funds to which the enumeration of the plaintiff as one of its school children entitled it, and having also received, upon the basis of the enumeration of the plaintiff, such taxes directly levied for the support of the schoo's of the district, the plaintiff in error ought to be, and is, estopped to deny to him those privileges."

In the case of Edwards v. State (Ind.) 42 N. E. 525, the court stated in the syllabus of that case:

"Where a school corporation has enumerated a child as transferred, received the distribution of the state school tax, collected a part or all of the school tax levied on the parent of such child, under the law concerning transfers for educational purposes, and has admitted the child to its schools, it cannot question the validity of the transfer during the year for which the enumeration was made"

—and further stated in the opinion that the district complaining of the transfer by failing to object or appeal from the order of transfer within the time provided by statute could not successfully object thereafter.

The case of School District No. 61 v. Consolidated District No. 2, 110 Okla. 263, 237 Pac. 1110, involved a recovery of transfer fees. The objection there made was to the regularity of the notice of transfer, and the court, in the body of the opinion, after calling attention to the provisions of statute relating to transfers, and suggesting that the complaining party might have appealed from the order of transfer, said:

"* * * The district to which the pupils were transferred accepted the notice as received, and the pupils attended the school, received the services and benefits thereof without objection on the part of the Coyle district, appellee herein, and no good reason has been assigned, and we perceive none, as to why the appellant, school district No. 61, should not pay for the services rendered and the benefits received by pupils from its district. * * *"

Our Legislature has provided for the establishment of kindergarten schools for children between the ages of four and six, in towns, cities, and school districts, having a population of 2,500 or more, and has authorized the admission of students, some between the ages of 12 and 35, to several of the state educational institutions without the payment of tuition.

We think a reasonable interpretation of the statutes relating to schools justifies the conclusion that the Legislature has, by sufficient enactment, directed who shall be enumerated for school purposes within the district of which they are a resident on January 15th of each year, and that such enumerated person shall be entitled to attend the free public schools during the scholastic year or term based on such enumeration. We are of the opinion that such legislative enactment and our construction thereof is not in conflict with the Constitution. To hold otherwise would, as we view

it, be violative of the reasonable inte/ t of the Legislature, and out of harmony with the purpose of the framers of our Constitution, which, in part, was to provide a liberal means of education for the youth of the state.

The second proposition advanced and argued by plaintiff in error as a ground of reversal is to the effect that since school district No. 17, the plaintiff below, received and cashed the warrant issued by school district No. 62, for the sum of $9.45, it cannot recover any other or further sum; that such acceptance was in the nature of accord and satisfaction. In support of the proposition plaintiff in error cites the case of Butler v. Board of County Com'rs, 57 Okla. 748, 157 Pac. 912. It will be observed that the decision in that case is based largely upon the provisions of section 5825, C. O. S. 1921, that part which provides:

"When any allowance, either in whole or in part, is made upon any claim presented to the board of county commissioners and is accepted by the person making the claim, such allowance shall be a full settlement of the entire claim."

Even if it should be conceded that the liability sought to be enforced by the present action is one that might come within the general rules of a compromise or accord and satisfaction, of which we have considerable doubt, we still do not think the record and stipulation of facts bring it within the rules of law relating thereto. In the body of the opinion, in the case of Gunn v. Fryberger, 71 Okla. 170, 176 Pac. 248, it is said:

"It is a settled rule that, if the compromise agreement is accepted in satisfaction of the original demand, and the agreement to accept is based on sufficient consideration, the original demand is extinguished, and cannot be the foundation of an action, * * * but the promise or agreement will not operate as a satisfaction of the original * * * demand, unless the claimant intended to accept it as such, and such intention must be alleged and proven."

See, also, Commercial Union Assurance Co. v. Creek Cotton Oil Co., 96 Okla. 189, 221 Pac. 499; Sanditen v. Allied Refining Co., 84 Okla. 47, 202 Pac. 316; Sherman v. Pacific Coast Pipe Co., 60 Okla. 103, 159 Pac. 233; Swift & Co. v. Colvert, 127 Okla. 80, 259 Pac. 844.

The stipulation of facts in the instant case respecting the issuance and receipt of the warrant for $9.45, recites:

"That when the warrant was delivered, the officers of school district No. 62 claimed and contended that school district No. 17

was not entitled to transfer fees after the said Ruth Houx attained the age of 21 years, which was on the 12th day of October, 1924, and that school district No. 62 was not bound to pay after said date. The officers of school district No. 17 claimed and contended that school district No. 17 was entitled to transfer fees for the said Ruth Houx after the 12th day of October, 1924, and that said school district No. 62, was bound to pay said fees, and the claims and contentions were communicated to each other. That the officers of school district No. 62 refused to issue a warrant for the entire claim for tuition under the written advice of the county superintendent and the state superintendent of education."

The statement of facts is not sufficient to show that the warrant was accepted by district No. 17 in full settlement of the amount claimed to be due.

It is next contended by plaintiff in error that the fund out of which the transfer fees should have been paid was a special fund and that no personal liability arose against the district for the payment of the fees, that plaintiff's remedy, if any, was by mandamus to compel the officers to draw a warrant on the fund for the payment of the claim; and that the justice court was without jurisdiction. The stipulation of facts does not disclose whether the fund was on hand at the time the action was commenced, or whether it had been transferred or appropriated to other uses by the school district No. 62. It may be district No. 17 could have proceeded by mandamus as suggested by the plaintiff in error, but upon this we do not decide, but we are of the opinion that that remedy or action was not exclusive under the record presented in this case. We have examined the case of Theis v. Board of County Com'rs, 9 Okla. 643, 60 Pac. 505, cited by the plaintiff in error, but do not consider it controlling or applicable when applied to the facts here presented. While the question as to whether the action was properly brought was not there presented, this court, in the case of School District No. 61 v. Consolidated District No. 2, supra, sustained a recovery for transfer fees in favor of the plaintiff.

We find no reversible error in the record, and are of the opinion that the judgment of the trial court should be and it is hereby affirmed.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note—See "Accord and Satisfaction," 1 C. J. § 16, p. 529, n. 80. "Compromise and

**140**

Settlement," 12 C. J. § 11, p. 320, n. 68. "Schools and School Districts," 35 Cyc. p. 818, n. 66; p. 1111, n. 7; p. 1119, n. 77.