**JOHNSON, County Supt., et al. v. BROWN.**

No. 27105.     May 25, 1937.

Leon J. York, for plaintiffs in error.

Brown Moore and R. J. Shive, for defendant in error.

OSBORN, C. J. This action was instituted in the district court of Payne county by the filing of a petition by E. R. Brown, hereinafter referred to as plaintiff, for a writ of mandamus to be issued to Norma Johnson, county superintendent of Payne county, hereinafter referred to as defendant, to compel her to approve a contract entered into on November 18, 1935, between plaintiff and the district board of school district No. 3 of Payne county to teach school in said district for the school year 1935-36. Various other parties were joined as defendants. After a hearing in the trial court, the writ was granted and defendant has appealed.

It is admitted that plaintiff is of good moral character and amply qualified to teach the school. Defendant assigns two reasons for her failure to approve the contract: First, that the board had previously entered into a valid contract with one Letha Gilchrist to teach the school, which she had approved; and second, that prior to the opening of the school term, she had entered an order of transfer, transferring all of the pupils in the district to consolidated school district No. 2.

Plaintiff admits the execution of the contract with Letha Gilchrist, but contends that she had abandoned her contract and had refused to teach the school and it thereby became necessary to procure another teacher. He further contends that the transfer order entered by defendant was invalid and ineffective. We will examine such transfer proceedings to determine if the county superintendent acted arbitrarily in refusing to approve the contract of plaintiff.

Chapter 13, Session Laws 1933, is a comprehensive act relating to the transfer of pupils from one school district to another. The transfer in this case was made pursuant to the provisions of section 13 of the act, which provides that upon a petition signed by 60 per cent. of the parents and guardians living in a district having children eligible to attend school, the school in said district may be dispensed with for the ensuing year and all the pupils in said school shall be transferred to another school district. The previous sections of the chapter fix the time in which said transfer must be made. Section 3 provides that the application shall be filed not later than May 15th preceding the school year for which the transfer is desired; that the county superintendent shall notify the clerk of the school board from which the transfer is proposed to be made and of the district to which the transfer is proposed to be made not later than May 20th. Section 4 provides that said notice shall be to the effect that a hearing will be held on June 1st, at which time the school board of either district may have an opportunity to show why

the transfer should or should not be granted. Section 7 provides that the county superintendent shall, not later th'an July 1st, furnish the school board of every district to which the transfers have been made a statement showing the number of children transferred, which statements sh'all be the basis for action of the county excise board in approving estimates and of the county treasurer in apportioning funds. Section 13 provides that no change shall be made after the various estim'ates have been approved in any of the districts involved.

In the instant case the petition for the transfer was filed September 3, 1935. On September 5, 1935, notice was given that a hearing would be held on September 10, 1935. The order of the county superintendent allowing the transfer was m'ade September 11, 1935. On September 17, 1935, the school board of district No. 3 appeared before the county excise board and made the contention that the transfer was illegal and void and the county excise board m'ade a finding to that effect and approved the budget and estimate previously submitted by the school board.

It is shown that no tax levy was made for consolidated school district No. 2, as there were ample funds provided for the maintenance of said school without a tax levy.

It is further shown that after the transfer order was made by the county superintendent 32 pupils in said district attended consolidated school district No. 2, and that 7 pupils in said district refused to attend in the consolidated district and attended school in district No. 3.

As heretofore stated, the school board of district No. 3 entered into a teaching contract with Letha Gilchrist, but after the transfer order was made she reported for duty at said consolidated district and taught school in that district. It is shown th'at the board thereafter entered into a contract with the plaintiff and that he has since taught the school in district No. 3.

It is the contention of the defendant that the statutes relating to transfers are directory and not mandatory, and th'at there has been a substantial compliance with said statutes, citing School District No. 61, Payne County, v. Consolidated District No. 2, 110 Okla. 263, 237 P. 1110. In that case there w'as involved the validity of transfers for three pupils. The transfers in that case were made during the month of June. It was pointed out by the court in that opinion that all of the rights of the parties, including the right of appeal, were fully preserved and that there had been a sufficient compliance with the statutes which were then in force and effect.

The distinction between the cited case and the instant case is apparent. When the application 'for the transfer in the instant case was filed, the budgets and estimates of the respective districts h'ad been filed with the county excise board, although they had not been approved. There is a well-defined and salutary purpose in requiring the transfer to be made prior to the preparation and submission of the estimates for the ensuing year. The necessity for 'a substantial compliance with the statutes to which we have referred is demonstrated in the instant case. The transfer of all the pupils in one school district to another district would require a complete readjustment of the fiscal set-up of both districts. Section 4 of chapter 13, supra, provides for an appeal to the bo'ard of county commissioners from the decision of the county superintendent relating to transfers and provides that such appeal shall be heard at the next regular monthly meeting. It was no doubt contemplated that the 'appeal should be heard and determined before the 'budgets and estimates were finally approved. The record does not disclose the existence of an emergency and the defendant has failed to suggest any other reason why the transfer was not made in substantial compliance with the statutes. We cannot lend judicial sanction to the procedure adopted by the county superintendent in this case. The confusion and uncertainty existing in the instant case would, in some measure, follow in every other case where the orderly procedure provided by l'aw was disregarded.

The general findings of the trial court necessarily include findings that Letha Gilchrist had abandoned her contract and th'at the order of transfer w'as invalid. Such findings are amply sustained by the record. It therefore follows that defendant's refusal to approve plaintiff's contract was arbitrary and th'at the writ was properly granted. Shofner v. Mercer, 164 Okla. 170, 23 P. (2d) 623.

Various other questions of law are involved herein, but having taken this view of the matter, it becomes unnecessary to consider them.

The judgment of the trial court is affirmed.

BAYLESS, V. C. J., 'and BUSBY, PHELPS, and GIBSON, JJ., concur.