RIVES v. CHESHEWALLA.

No. 34279. Nov. 14, 1950.

*224 P. 2d 264.*

Chas. B. Wilson, of Oklahoma City, and J. C. Cornett, of Pawhuska, for plaintiff in error.

Chas. R. Gray and W. N. Palmer, both of Pawhuska, for defendant in error.

JOHNSON, J. This is an appeal from the action of the district court of Osage county, Oklahoma, of August 1, 1949, by which the court vacated a previous order of March 16, 1931, in cause No. D-4016, Bernice Cheshewalla, Plaintiff, v. Herbert Cheshewalla, Defendant, which directed the defendant to pay to the clerk of the district court of Osage county, Oklahoma, $20 per month for the support of his minor child, Florence Joyce Cheshewalla; the payments to begin on the 1st day of April, 1931, and payable each month thereafter until the child reached the age of 21 years.

The undisputed facts are that the child is a female of one-fourth (1-4) degree Osage Indian blood, born on January 1, 1931, and was 18 years of age on January 1, 1949. Her father, Herbert Cheshewalla, the defendant, is a half-blood Osage Indian, allottee No. 578.

The plaintiff in error's brief appropriately states the crux of this appeal, and we quote:

"The controlling question in the case is: *Did Florence Joyce arrive at the age of majority on January 1, 1949, or will she continue to be a 'minor' until January 1, 1952?*

"It is the contention of movant that she arrived at the age of majority on January 1, 1949, and that part of the Court's order which is complained of which requires support money to be paid for three years beyond that date is void.

"It is the contention of appellant that, because Florence Joyce is an unallotted Osage Indian, she will not arrive at her majority until she arrives at the age of twenty-one years."

We are of the opinion that the contention of the defendant in error (movant) must be answered in the affirmative, and that of plaintiff in error (appellant) in the negative.

Title 15 O. S. A. §13 defines minors, except as otherwise provided by law, to be: "First, . . . Second, Females under eighteen years of age." Under Title 15 O. S. A. §14, all other persons are adults. And Title 12 O. S. A. §1277 provides that when a divorce is granted, the court shall make provision for custody, support and education of the minor children of the marriage, and may modify or change any such order when circumstances render such change proper either before or after final judgment in the action. Obviously, these statutory provisions sustain the judgment of the trial court and support the contention of defendant in error. So far as we have been able to ascertain, the only exception to the provisions of section 13, supra, relating to minority is found in Title 10 O. S. A. §91 et seq., providing for emancipation of minors by decree of the district courts. Hardesty v. Gordon, 189 Okla. 677, 119 P. 2d 70. But plaintiff in error argues that the phrase "except as otherwise provided by law" found in 15 O.S.A. §13, supra, means except as otherwise provided by Federal law, pertaining to the Osage Indians, asserting that under Federal statutes Florence Joyce Cheshewalla will not reach her majority until she is twenty-one (21) years old. To sustain this assertion, the following Federal statutes and decisions are cited and relied upon, viz.: 43 Stat. L. 1008; 41 Stat. L. 1249; 45 Stat. L. 1008; 45 Stat. L. 1478; 34 Stat. L. 539; 52 Stat. L. 1034; United States v. Kagama, 118 U. S. 375; United States v. Carson, 19 Fed. Supp. 616.

These authorities and Federal statutes do not fix the age of majority of Osage Indians except as to the hand-ling of their restricted property; thus leaving only the state law as authority for definition of minors and responsibility of parents pertaining to the support of minor children.

For the foregoing reasons, the judgment is affirmed.