I am authorized to state that Justices BERRY and SIMMS concur in my dissenting views.

**The STATE of Oklahoma, Appellant,**

v.

**BEVERAGE LICENSE NO. BEV–75–45 OF WM. GENE MORRIS d/b/a Heavener Superette, Appellee.**

No. 48903.

Supreme Court of Oklahoma.

March 8, 1977.

Whit Pate, Poteau, for appellee.

Dean E. Warren, Dist. Atty., Terry L. Amend, Asst. Dist. Atty., LeFlore County, Poteau, for appellant.

DOOLIN, Justice.

The district attorney filed an application in the district court of LeFlore County attempting to revoke the beer license of Gene Morris d/b/a Heavener Superette. The allegation for revocation was a violation of state statute forbidding sale of beer to a minor. A minor is defined by 37 O.S.1975 Supp. § 245 as female under eighteen (18) years of age and a male under the age of twenty-one (21).

At the hearing it was stipulated the witness who purchased two six packs of beer at the Heavener Superette was a male eighteen years of age and that the employee who served it to him requested no identification. The court found "a revocation of a beer license for a violation of the law by an employee is not grounds for revocation of license holder's permit unless it could be shown that he acquiesced, or had a policy to that effect." For that reason the application of the district attorney was denied.

The district attorney appeals to this court claiming Legislature in 37 O.S.1971 §§ 241, 242[1] intended to provide a licensee to be

1. § 241. Sale, barter or gift of minor unlawful. —It shall be unlawful for any person who holds a license to sell and dispense beer and/or any agent, servant, or employee of said license holder to sell, barter or give to any minor any beverage containing more than one-half of one per cent of alcohol measured by volume and not more than three and two-tenths (3.2) per cent of alcohol measured by weight. Provided, a parent as regards his own child or children, is excepted from the provisions of this Act.

§ 242. Revocation of permit.—The violation by any person of the provisions of this Act shall be sufficient ground for revocation by the

vicariously responsible for violation of the statute by his employee, agent or servant.

Appellee, in his answer brief denies error on part of trial court and presents the issue of the constitutionality of the Oklahoma statutes classifying minors by gender. Because the United States Supreme Court has recently held these statutes to be violative of the equal protection clause of the United States Constitution, we affirm the trial court's refusal to revoke appellee's license. We do not address the issue presented on appeal by the district attorney, as it is not necessary for our decision.

■ In *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976) rehearing denied February 22, 1977, the Supreme Court held Oklahoma's gender-based differential provided in § 245, constitutes an invidious discrimination against males 18–20 years of age and is a violation of the Equal Protection Clause, that may not be defeated by reference to the twenty-first amendment.

■ Although the decision had not been handed down at the time of this revocation hearing, *Craig v. Boren*, supra was not made prospective only, consequently its principles must be applied by an inferior court on its review of a trial court's determination. See *Thorpe v. Durham Housing Authority*, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); *Bradley v. School Board of City of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *United States v. Fitzgerald*, 545 F.2d 578 (7th Cir. 1976).

■ By virtue of *Craig v. Boren*, holding statutes under which district attorney sought to revoke appellee's license are unconstitutional, we affirm trial court's refusal to revoke appellee's license.

LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

county judge of any permit held by such person authorizing the sale of nonintoxicating beverages. No new permit shall be issued to such

person for a period of Twelve (12) months after such revocation.