STATE of Oklahoma, Appellant,

v.

COUNTY BEVERAGE LICENSE NO. ABL–78–145 OF McMAR GENERAL STORES, d/b/a McMar No. 2,

County Beverage License No. ABL–78–157 of McMar General Stores, Inc., d/b/a McMar Ice Dock,

County Beverage License No. ABL–78–101 of Safeway Stores, Inc., d/b/a Safeway # 71,

County Beverage License No. ABL–78–114 issued to Tully H. Dean, d/b/a Kwik-O-Gro,

County Beverage License No. ABL–78–109 issued to James Benson, d/b/a J. Boties,

County Beverage License No. ABL–78–140 issued to National Convenience Stores, Inc., d/b/a Hot Stop # 1162,

County Beverage License No. ABL–78–141 issued to National Convenience Stores, Inc., d/b/a Hot Stop # 1159,

County Beverage License No. ABL–79–29 issued to Wright's Foodland, Inc., d/b/a Wright's IGA,

County Beverage License No. ABL–78–122 issued to McMar General Stores, Inc., d/b/a McMar # 1,

County Beverage License No. ABL–78–216 issued to Seven-Eleven, Inc., d/b/a 7–11 Store # 45,

County Beverage License No. ABL–78–212 issued to Seven-Eleven, Inc., d/b/a 7–11 Store # 44,

County Beverage License No. ABL–78–268 issued to Howard Sandlin, d/b/a Howard's West Lindsey 66 Station,

County Beverage License No. ABL–79–72 issued to Ronald D. Hammons, d/b/a E & H Kwik Mark,

County Beverage License No. ABL–79–61 issued to H & A Enterprises, d/b/a IN & OUT Store,

County Beverage License No. ABL–78–148 issued to Satellite Co., d/b/a Sooner Superette,

County Beverage License No. ABL–78–210 issued to Seven-Eleven, Inc., d/b/a 7–11 Store # 43,

County Beverage License No. ABL–78–165 issued to Mr. Short Stop, Inc., d/b/a Mr. Short Stop # 4,

County Beverage License No. ABL–78–166 issued to Mr. Short Stop, Inc., d/b/a Mr. Short Stop # 1,

County Beverage License No. ABL–78–185 issued to Little Jim's, Inc.,

County Beverage License No. ABL–78–208 issued to Seven-Eleven, Inc., d/b/a 7–11 Store # 64, Appellees.

No. 53694.

Supreme Court of Oklahoma.

Oct. 5, 1982.

As Corrected Oct. 12, 1982.

Kay E. Huff, Dist.Atty., Fred J. Shaeffer, Larry W. Tedder, Asst.Dist.Attys., Norman, for appellant.

H.L. Heiple, Gary Williams, Bill English, Jim Pence, Fielding Haas, J. David Rambo, Harry Foreman, Elvin Brown, Phil Redwin, Norman, for all appellees except Safeway Stores, Inc.

Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick by L.E. Stringer, H. Leonard Court, David L. Thomas, Oklahoma City, for appellee, Safeway Stores, Inc.

Brown & Flagler by Elvin Brown, Norman, for appellee, Mr. Short Stop, Inc.

LAVENDER, Justice:

Based upon a careful review of the record in this cause and the law applicable thereto, the purported appeal from the judgment below in favor of all of the defendants below save and except McMar General Stores is hereby dismissed on the following grounds and for the following reasons:

The District Attorney of Cleveland County filed 20 separate actions to revoke alcoholic beverage licenses for wrongful sales to minors against 20 separate businesses. The district court sustained motions to quash in each of the respective cases on the basis that 37 O.S.1971, §§ 241, 242 were held unconstitutional under *Craig v. Boren,* 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976).

The record does not disclose any order of the trial court consolidating the 20 separate

cases, and there is no motion to consolidate the 20 cases filed on appeal, and no order by the Supreme Court consolidating the 20 cases.

A Petition in Error was filed on May 15, 1979, which was captioned:

STATE OF OKLAHOMA, Plaintiff-in-Error, v. COUNTY BEVERAGE LICENSE NO. ABL–78–145 OF McMAR GENERAL STORES d/b/a McMAR # 2, et al.

A copy of the Petition in Error was mailed to attorneys for all of the 20 respective respondents EXCEPT Wright's Foodland, Inc., Ronald Hammons, Little Jim's, Inc., and Mr. Short Stop, Inc.

On June 29, 1979, the State of Oklahoma filed in the Supreme Court under No. 53,694 a purported Amended Petition in Error, the filing being more than 30 days after the entry of the trial court order appealed from. The Amended Petition in Error caption contains a complete list of the 20 respondents.

A copy of the Amended Petition in Error was mailed to attorneys for all of the 20 respective respondents EXCEPT Wright's Foodland, Inc., Ronald Hammons, Little Jim's, Inc., and Mr. Short Stop, Inc.

The Brief of Appellant was filed in the Supreme Court on August 24, 1979, with a copy being mailed to all of the attorneys for respondents except Wright's Foodland, Inc., Ronald Hammons, Little Jim's Inc., and Mr. Short Stop, Inc.

On June 15, 1979, Satellite, James Benson, Tully H. Dean, H. and A. Enterprises, National Convenience Stores, Howard W. Sandlin, and Safeway Stores, Inc. filed a special appearance and motion to strike from the cause before the Supreme Court any reference to movants, citing the original Petition in Error defects, and pointing out that the purported Amended Petition in Error was not filed within 30 days from the date of the trial court's order sustaining the motions to quash.

THUS, Wright Foodland, Inc., Ronald Hammons, Little Jim's, and Mr. Short Stop, Inc. never received any notice of the pendency of the appeal, were mailed no copies of any briefs, filed no briefs in the Supreme Court, and made no appearance in the case on appeal.

Mr. Short Stop, Inc. received no notice of the filing of either the original or Amended Petition in Error, received no copies of the briefs, and alleges in its brief that it had no knowledge of the pending appeal until invited to join in the brief of Appellees. Mr. Short Stop, Inc. did appear in the presentation and arguments before the trial court, did join in the petition for rehearing, and joined in the conjoint brief on the merits, and thereafter filed a special appearance and brief.

I.

All purported appeals brought by the State of Oklahoma must be dismissed save and except State of Oklahoma, Plaintiff-in-Error, v. County Beverage License No. ABL–78–145 of McMar General Stores d/b/a McMar # 2 on the ground that:

(1) No Petition in Error was filed in the remaining separate 19 cases within 30 days from the date of the order appealed from. The Petition in Error which was timely filed does not purport to apply to any of the 19 cases and it refers to them only in the following language: "At the same time (that it filed a petition to revoke McMar's license) the Plaintiff also filed a similar Petition on 20 other Class C licensed Norman establishments. The Petition filed against McMar General Stores and the other 20 licensees, . . . ."

(2) Under *Ogle v. Ogle,* Okl., 517 P.2d 797 (1973), it was held: "While the related civil appeals rule of this Court, Rule 1.17(a) permits amendment of a petition in error at any time before brief in chief is filed, and thereafter with permission by the Court, the area of amendment is by the rule limited to permitted expansion of allegation of error by the appealing party. The rule does not contemplate amendment to substitute appellants. Otherwise the rule, so applied could, and here would, contravene the time limitation provisions of 12 O.S.1971, § 990. A

court rule may not contravene any statute which is compatible with the Constitution. The amended petition is accordingly ordered stricken."

Here the Amended Petition in Error purports to add 19 additional parties and cases to the pending appeal, but was filed more than 30 days after the date of the Order appealed from and in only one of the 20 cases.

Appellate proceedings concerning district court judgments or appealable orders must be commenced by the filing of a petition in error within thirty days from the date of the final order or judgment appealed. Timely commencement is jurisdictional. Judgment is rendered when pronounced by the trial court, and the thirty day period runs from that date. *Warehouse Market, Inc. v. Berry*, Okl., 459 P.2d 853 (1969).

(3) The addition of "et al." in the caption of the original Petition in Error does not of itself constitute a filing of a petition in error in the 19 other separate cases. "Et al." is an abbreviation of the Latin phrase et alii, meaning "and others." When used following the naming of a party or parties in the caption of a case, its clear meaning is "and other parties in the case." No straining of the meaning of the term can extend it to mean or refer to other parties in other separate cases.

Rule 1.14 of Rules of Appellate Procedure requires that a copy of the petition in error shall be filed in the trial court and mailed to each party to the appeal or to his counsel of record within the same time (30 days). The Rule further provides "any defect in taking an appeal, other than failure timely to file a petition in error with the statutory cost deposit, must be disregarded unless a substantial right of the complaining party is affected; and no such defect, if correctible, shall result in dismissal of the appeal." But here, there was no notice of appeal given to any of the 19 respondents that any

of their cases would be appealed. *First Nat. Bank v. Oklahoma Sav. & Loan Bd.,* Okl., 569 P.2d 993 (1977) holds that due process requires adequate notice and a realistic opportunity to appear in a meaningful time and in a meaningful manner. "The right to be heard is of little value unless adequate notice is given, and due process is violated by the mere act of exercising judicial power upon process not reasonably calculated to apprise *interested parties* of the pendency of an action."

In a case similar to the one at bar, the Alabama Supreme Court in *Edmondson v. Blakey,* Ala., 341 So.2d 481 (1976) held that where, under court rule, notice of appeal is required to be served upon parties to the appeal, a failure of the appellant to either include the omitted party as a named appellee, or to indicate by description or date that the appeal was from the order in favor of that party, or indicating by designation that that order was being challenged requires the purported appeal against that party to be dismissed. In that case, the omitted party was actually a party to the suit below. Here, the omitted 19 parties were not even parties to the suit from which the appeal is taken.

We will now consider the case on the merits as it pertains to the appeal of McMar General Stores, Inc. only.

The genesis of this case arose from the decision of the United States Supreme Court which declared 37 O.S.Supp.1972, § 245[1] unconstitutional. Section 245 created an arbitrary age difference between male and female in defining a minor in regard to the sale of a beverage containing more than one-half percent (½ of 1%) by volume and not more than 3.2% of alcohol by weight.

The State of Oklahoma filed its petition to revoke the alcoholic beverage license of Appellee, alleging that its employees had wrongfully sold an alcoholic beverage to a male minor, age fifteen. At the show cause hearing, the court sustained the Appellee's

---

1. 37 O.S.Supp.1972, § 245 states:

A "minor," for the purposes of Sections 241 and 243 of Title 37 of the Oklahoma Statutes, is defined as a female under the age of eighteen (18) years, and a male under the age of twenty-one (21) years.

motion to quash, prior to the introduction of any evidence, on the basis that 37 O.S.1971, §§ 241, 242 [2] were held unconstitutional by the United States Supreme Court in the case of *Craig v. Boren*, 429 U.S. 190, 209, 97 S.Ct. 451, 463, 50 L.Ed.2d 397, 414 (1976).

## II.

In *Craig v. Boren* the United States Supreme Court examined the interaction between 37 O.S.1971, § 241, 37 O.S.Supp. 1972, § 245 and concluded that the gender-based differential constituted a denial of equal protection of the law to males aged 18–20. The Court did not state that §§ 241 and 242 are unconstitutional. We have carefully read *Craig v. Boren* and find no basis for the contention propounded by Appellee that the United States Supreme Court held the entire regulatory scheme grounded in § 241 to be violative of the Equal Protection Clause as controlled by the definition of a minor in § 245. The trial court erred in finding that the Supreme Court struck down §§ 241 and 242 when it held § 245 unconstitutional.

*State v. Beverage Lic. No. BEV–75–45, etc.*, Okl., 561 P.2d 509 (1977) is not in conflict with the views expressed in this case. That opinion clearly held that *Craig v. Boren, supra,* held "Oklahoma's gender-based differential provided in § 245, constitute an invidious discrimination against males 18–20 years of age and is a violation of the Equal Protection Clause that may not be defeated by reference to the twenty-first amendment." While the language at the end of the opinion, to wit: "By virtue of *Craig v. Boren* holding *statutes* under

which district attorney sought to revoke appellee's license are unconstitutional, we affirm trial court's refusal to revoke appellee's license" (emphasis added) does not refer to "statutes" as being plural, a reading of the entire decision shows that it was the differential created by § 245 which was struck down, and not §§ 241 and 242 of 37 O.S.1971.

## III.

We next consider what, if any, effect the United States Supreme Court's declaring § 245 unconstitutional had on 37 O.S.1971, §§ 241 and 242. The Appellant contends that the effect was to revive 15 O.S.Supp. 1972, § 13,[3] permitting the operation of §§ 241 and 242 to continue. The Appellee urges that the Supreme Court's invalidating § 245 created a void because there is no definition of "minor," thus precluding the operation of the entire regulatory scheme contemplated by § 241.

In 1972, the Oklahoma Legislature amended the 1968 statute and established age eighteen as applicable to both males and females for purposes of criminal responsibility.[4] In the same year, it amended 15 O.S.Supp.1972, § 13 and established eighteen as the age of majority for both sexes in civil matters, except that 37 O.S. Supp.1972, § 245 was simultaneously enacted, creating a gender-based exception.

We stress the word exception in reference to § 245, for Oklahoma has historically recognized § 13 and its predecessors as the general statute defining the age of majority for males and females in civil matters.

---

**2.** 37 O.S.1971, § 241 provides:

It shall be unlawful for any person who holds a license to sell and dispense beer and/or any agent, servant, or employee of said license holder to sell, barter or give to any minor any beverage containing more than one-half of one percent of alcohol measured by volume and not more than three and two tenths (3.2) per cent of alcohol measured by weight. Provided, a parent as regards his own child or children, is excepted from the provisions of this Act.

It is stated by 37 O.S.1971, § 242:

The violation by any person of the provisions of this Act shall be sufficient ground for revocation by the county judge of any permit held

by such person authorizing the sale of nonintoxicating beverages. No new permit shall be issued to such person for a period of twelve (12) months after such revocation.

**3.** 15 O.S.Supp.1972, § 13 states:

Minors, except as otherwise provided by law, are persons under eighteen (18) years of age.

The period thus specified must be calculated from the first minute of the day on which a person is born to the same minute of the corresponding day completing the period of minority.

**4.** 10 O.S.Supp.1972, § 1101A.

The language of this statute which reflects this general use provides that minors, except as otherwise provided by law, are persons under eighteen years of age.[5]

Prior to the enactment of 37 O.S.Supp. 1972, § 245, the general statute was used in reference to the term "minor" in 37 O.S. 1971, §§ 241, 242. When § 245 was enacted as an exception to 15 O.S.Supp.1972, § 13, it merely replaced it for the purposes of 37 O.S.1971, §§ 241, 242. When 37 O.S. Supp.1972, § 245 was declared unconstitutional, 15 O.S.1972, § 13 became applicable.[6] A void was not created which precluded the operation of §§ 241 and 242. Title 15 O.S. Supp.1972, § 13 immediately became the referenced statute defining "minor" in terms of 37 O.S.1971, §§ 241, 242.

We hold that the United States Supreme Court's declaring 37 O.S.Supp.1972, § 245 unconstitutional had no effect on the validity of 37 O.S.1971, §§ 241, 242, but that it reactivated 15 O.S.Supp.1972, § 13.

JUDGMENT REVERSED.

IRWIN, C.J., BARNES, V.C.J., and SIMMS, DOOLIN and HARGRAVE, JJ., concur.

HODGES, OPALA and WILSON, JJ., concur in part and dissent in part.

---

5. The following cases also reflect this general use:

Rives v. Cheshewalla, 203 Okl. 555, 224 P.2d 264–65 (1950); Hardesty v. Gordon, 189 Okl. 677, 119 P.2d 70, 71, 74 (1941); School Dist. No. 62 Craig Co. v. School Dist. No. 17, Craig Co., 143 Okl. 136, 287 P. 1035, 1037 (1930); Dudding v. Pitman, 138 Okl. 222, 280 P. 801, 802 (1929).

6. State ex rel. Burns v. Steely, 600 P.2d 367, 368 (Okl.Cr.1979).