**Carolyn Kay OGLE, Appellant,**

**v.**

**Don Gene OGLE, Appellee.**

**No. 46875.**

Supreme Court of Oklahoma.

Dec. 11, 1973.

Williams, V. C. J., and Irwin and Hodges, JJ., dissented.

William P. Porter, Oklahoma City, for appellant.

Althoff, Ernest & Millstead by Melvin D. Ernest, Norman, for appellee.

SIMMS, Justice:

In a divorce action principal custody of two minor children had been awarded to the father. The mother thereafter sought custody by appropriate motion. The motion to modify was denied and the trial court also denied the request by the mother for an order directing the father to pay an attorney fee for her counsel. The court also refused to direct payment of expense incurred by movant in the taking of some

depositions, and taxed such costs against the unsuccessful movant.

Petition in error was timely filed and styled in the name of mother as appellant and the father as appellee. Nevertheless, the actual petitioner is not the named appellant but her counsel. The petition seeks appellate review of the order insofar as it denied allowance of an attorney fee for counsel for the unsuccessful movant to be paid by the father of the children and also insofar as it refuses to assess costs, including deposition costs, against him. No error is alleged concerning the decision on custody.

Appellee moved to dismiss the appeal urging that counsel is not in his own right entitled to maintain the appeal because he is neither a party to nor privy to the action and can have no pecuniary interest in a custody matter. Appellant responded to the motion to dismiss and with the response filed an amended petition in error, wherein the mother is the nominal and actual appellant. The amended petition in error was filed more than thirty days after the judgment appealed.

 While the related civil appeals rule of this Court, Rule 1.17(a) permits amendment of a petition in error at any time before brief in chief is filed, and thereafter with permission by the Court, the area of amendment is by the rule limited to permitted expansion of allegation of error by the appealing party. The rule does not contemplate amendment to substitute appellants. Otherwise the rule, so applied, could, and here would, contravene the time limitation provision of 12 O.S. 1971, § 990. A court rule may not contravene any statute which is compatible with the constitution. The amended petition is accordingly ordered stricken.

 The original petition in error urges only that the trial court erred in refusing to allow against appellee an attorney fee for the benefit of appellant's counsel, and error in refusing to assess against appellee the expense of the depositions. Assess-

ment of costs is not the direct concern of counsel. Costs in this kind of litigation are assessable in the discretion of the trial court under 12 O.S.1971, § 930. Such decisions will not be disturbed on appeal except for clear abuse which appellant has not shown. Consolidated School District No. 8, Cimmarron County v. Wilder, 148 Okl. 91, 297 P. 280.

 We need not, and do not, decide whether an unsuccessful party to a child custody matter may seek appellate review of a decision refusing to allow an attorney fee to the unsuccessful party for the benefit of such parties counsel. This Court, in Walker v. Walker, Okl., 460 P.2d 900, 902 declined to reverse a trial court decision refusing to allow an attorney fee for the use and benefit of counsel for the unsuccessful movant, but the petition in error in Walker, supra, sought principally reversal of the custody decision. The decision as to counsel fees in Walker was purely incidental to an adjudication of an appeal by a party to the lawsuit. Suffice to say counsel for an unsuccessful litigant may not in his own right maintain an appeal to review refusal by the trial judge to order an opposing party to pay to counsel an attorney fee. Counsel is not a party to and is not privy to the action. Counsel fees, when allowed, are allowed to a party for the benefit of counsel.

 Appellee in the dismissal motion incorporates into the prayer an application for attorney fee to be paid by appellant to appellee for the benefit of appellee's counsel to compensate for service in defense of this appeal. That application, being unsupported by any cited authority or rationale is denied.

 Appellant has also filed in this proceedings a pleading designated "Motion to Remand to Trial Court for Reconsideration of Attorney Fees". An examination of this motion indicates it to be in the nature of a motion for the trial court to vacate its prior order. Because motions to vacate are controlled by 12 O.S.A. § 1031 et seq.,

and the instant motion does not comply with statutory requirements, the "Motion to Remand to Trial Court" is denied.

The appeal is dismissed.

DAVISON, C. J., and BERRY, LAVENDER, BARNES and DOOLIN, JJ., concur.

WILLIAMS, V. C. J., and IRWIN and HODGES, JJ., dissent.

Hodges, Barnes and Simms, JJ., dissented.