**Deborah E. DAVIS and William B. Davis, Appellees,**

v.

**Paul A. HOWARD, M.D., Appellant,**

**and**

**Saint Francis Hospital, Inc., an Oklahoma corporation, Defendant.**

**No. 70928.**

Court of Appeals of Oklahoma, Division No. 1.

Oct. 9, 1990.

**1173**

W.C. "Bill" Sellers, Sapulpa, Okl., for appellees.

Galen L. Brittingham, Tulsa, Okl., for appellant.

## MEMORANDUM OPINION

HUNTER, Vice–Chief Judge:

Appellant, Paul A. Howard, M.D. seeks review of the trial court's order overruling his motion to waive privilege, and directing Appellant's counsel, Martha Phillips, to pay reasonable attorney fees, as sanctions, to Appellees' counsel. Appellant originally sought review of the trial court's order by an application to assume original jurisdiction and issuance of a writ of mandamus and prohibition to the trial court. The Supreme Court entered its order effectively denying the petition for writ of mandamus and ordering that it be treated as a petition in error, allowing Appellant 20 days to file an amended petition in error "to which shall be appended a copy of the order for sanctions which is the subject of the action in this Court." Appellant timely filed his amended petition in error raising the same two issues of error presented in his petition for writ of mandamus and prohibition. Appellees timely filed their response to petition in error and the parties filed their respective appellate briefs.

The appeal was subsequently assigned to this Court for appellate review. This Court issued its order of December 20, 1989, finding that the Supreme Court intended to restrict the scope of review to the question of sanctions only, because the issue of overruling of Appellant's motion to waive physician-patient privilege was not ripe for appeal. This Court's order further found that the sanctions were imposed directly against Appellant's counsel and that as a result, Appellant's counsel had a right to appeal such a ruling independent of the client, and that Appellant's counsel was the real party in interest in this appeal. Further, that Appellant's counsel was not identified in the appellate proceedings as the

party Appellant, and that the amended petition in error could not be amended to substitute Appellants. This Court ordered Appellant to show cause why the appeal should not be dismissed for lack of jurisdiction because of the absence of a timely filed petition in error by the real party in interest in this appeal. Appellant timely filed his response to the order.

■ The question of error by the trial court in overruling Appellant's motion to waive physician-patient privilege is not ripe for appellate review at this time. The order overruling Appellant's discovery motion is not a final order pursuant to Rule 1.10(a), Rules of Appellate Procedure in Civil Cases. The only method of appellate review of orders denying or allowing discovery is by application for extraordinary relief in the form of writs of mandamus and/or prohibition. Appellant's application for such relief was denied by the Supreme Court.

■ It is well established that: "One who is not aggrieved by a lower court's decision, however erroneous, may not appeal therefrom. 'A party aggrieved' is one whose pecuniary interest in the subject matter is directly and injuriously affected or whose right of property is either established or divested by the decision complained of." *Whitman v. Whitman,* 397 P.2d 664 (Okl.1964). "Interest in the subject matter of litigation necessary to support the appeal must be a direct and pecuniary interest." *Sarkeys v. Independent School District # 40, Cleveland County,* 592 P.2d 529 (Okl.1979) "Standing to prosecute an appeal must be predicated on that interest in the trial court's decision which is direct, immediate and substantial. One cannot appeal from a decision that does not affect one's substantial rights." (Citations omitted), *Pierson v. Canupp,* 754 P.2d 548 (Okl.1988), n. 8.

Appellant, Paul A. Howard, M.D., is not aggrieved by the trial court's order from which he attempts to appeal. Appellant has no pecuniary interest in the subject matter of this appeal. The real party in interest in the appeal from that portion of

**1174**

the trial court's order imposing sanctions is Martha Phillips. Nowhere in any of the pleadings filed in the Supreme Court or this Court does it appear that Phillips is the party appealing the trial court's decision. Although it is not necessary nor, perhaps, proper to change the caption on appeal, neither the caption nor the body of the amended petition in error designates Phillips as the party Appellant therein. As Justice Opala points out in his partially concurring opinion in *Winters v. City of Oklahoma City*, 740 P.2d 724 (Okl.1987) n. 15, wherein he refers to *Tisdale v. Wheeler Brothers Grain Company, Inc.*, 599 P.2d 1104 (Okl.1979) and *Ogle v. Ogle*, 517 P.2d 797 (Okl.1973), "The omission of such designation constitutes a fatal jurisdictional defect".

■ Appellant's response to this Court's order of December 20, 1989, requests an opportunity to cure this defect if Appellant's attorneys are required to prosecute the appeal in their own name. This request must be denied. Rule 1.17(a), Rules of Appellate Procedure in Civil Cases permits amendment of a petition in error at any time before the brief in chief is filed. This Rule does not contemplate amendment to substitute Appellants. *Ogle v. Ogle*, 517 P.2d 797 (Okl.1973).

For the reasons stated above, the appeal is DISMISSED.

GARRETT, P.J., concurs.

MacGUIGAN, J., not participating.