Dora L. VICKERS and Derwood
N. Vickers, Plaintiffs,

v.

Carol N. BOYD, Defendant.

Vernon L. JACQUES, Appellee,

v.

Richard L. DENNEY, Appellant.

No. 71410.

Supreme Court of Oklahoma.

March 24, 1992.

Richard L. Denney, Lydia JoAnn Barrett, Norman, for appellants.

Robert B. Mills, Joseph T. Acquaviva, Mills, Whitten, Mills, Mills & Hinkle, Oklahoma City, for appellees.

ALMA WILSON, Justice:

The plaintiffs in the cause below, the Vickers, were involved in a traffic accident involving several vehicles, each rear-ending the others. The Vickers were in the lead car. The defendant, Boyd, was in the last car, and the defendant, Jacques, was in front of Boyd. The details of the accident are not necessary to the decision of this appeal.

When the cause came to trial, Boyd, who had represented herself, did not appear and the Vickers asked and were granted a default judgment against her, the amount to be set when the trial had concluded. On

the second day of trial, the Vickers called the defendant, Jacques, to the stand. After his testimony, the Vickers called Boyd to the stand. Jacques' attorneys objected stating that they had been prejudicially surprised by Boyd's appearance. The Vickers had listed all of the defendants as witnesses on the pretrial conference order, but on the first day of trial, Vickers' attorneys represented that they did not know where she was. After the trial judge questioned the Vickers' attorney, Mr. Denney, about Boyd's subsequent appearance in court, Mr. Denney stated that Boyd had been located the night before, that he had called her in the middle of the night, told her that he had been granted a default judgment against her and what he expected the testimony of Jacques to be—that the accident was completely the fault of Boyd. Boyd then agreed to come back to Oklahoma from her home in Washington, D.C., to testify. After the explanation the trial court granted a mistrial. Jacques' attorneys then moved for attorney's fees pursuant to *City National Bank & Trust Co. v. Owens,* 565 P.2d 4 (Okla.1977). The court set a hearing date.

At the hearing, Jacques' attorneys presented evidence of the reasonableness of their fees involved in preparation for the hearing that had been declared mistried, and for their court time. The Vickers put on evidence concerning how Boyd had been located the first night of the trial and flown in from Washington, D.C., to testify the next day. Mr. Denney stated to the court that when he had heard that Jacques intended to contradict findings of a hearing examiner of the Department of Public Safety regarding the financial responsibility of Boyd, who did not have insurance at the time of the accident, he decided that he must find her.

The hearing examiner's report was attached to Boyd's pro se answer to the lawsuit. The examiner's report stated that "there is no reasonable possibility of a judgment being rendered against Carole N. Boyd as a result of the above accident...."

The examiner set aside the previous order of the Commissioner of Public Safety requiring her to post security.

After the trial judge heard the evidence regarding assessing attorney's fees against the Vickers, he stated on the record that he believed that Mr. Denney had misrepresented his knowledge concerning Boyd's current location and that the misrepresentation had led to an unnecessary mistrial. The trial judge read excerpts of the *Owens* decision into the record, and concluded that he could assess attorney's fees because of Mr. Denney's conduct, the court apparently concluding that the calling of Boyd was in bad faith and oppressive. The trial court ordered Mr. Denney, personally, to pay a $4,000.00 attorney's fee to the Jacques' attorneys. An appeal was filed. The Court of Appeals in a memorandum opinion found that the petition in error was defective in that the Vickers were listed as appellants, when they were not aggrieved by the order of the trial court. Accordingly, the Court of Appeals dismissed the appeal. We have previously granted certiorari.

We must first address the procedural matter resulting in the decision of the Court of Appeals to dismiss this appeal. "Form does not rule over substance in evaluating documents filed in this court." *Bane v. Anderson, Bryant & Co.,* 786 P.2d 1230, 1234 (Okla.1989). The caption in the petition in error names the Vickers as the appellants. An examination of the order that assessed the attorney's fees against Mr. Denney reveals that the caption of the order reads, "DORA L. VICKERS and DERWOOD N. VICKERS, Plaintiffs, vs. CAROL N. BOYD, VERNON L. JACQUES, Defendants."

The Rules of Appellate Procedure in Civil Cases, 12 O.S.1981, ch. 15, App. 2, provide "The designation of parties in the caption of the petition in error shall correspond with the sequence in which the designation of the parties appeared in the trial court case. 20 O.S.1981 § 3002." [1] Rule 1.16(B).

---

**1.** Because our law requires that the style of all cases be parallel with the style in the trial court in accordance with 20 O.S.1981, § 3002, and also requires that the appealing parties be designated in the style, we now include Richard L. Denney as an appellant. *MBA Commercial*

The attorneys for the Vickers were clearly faced with an ambiguity in determining what caption should appear on the petition in error. While it is incorrect to designate the Vickers as appellants where they are not aggrieved parties,[2] such an incorrect designation is not fatal to the timely filed petition in error. The petition in error states twice that the attorney's fees and costs were assessed against the plaintiffs' attorney, Richard L. Denney, individually.[3] Such misdesignation of the Vickers as the appellants causes no prejudice to the appellees as they have been given notice of the appeal, and know the issues to be addressed. We hold that the substance of the petition in error reveals that Richard L. Denney was the aggrieved party by the order of the trial court and therefore Mr. Denney is the appellant.

■ With regards to the merits of the case, the issue is whether the trial court erred in assessing attorney's fees under the facts stated above. The transcript of the trial reveals that the trial court believed that Mr. Denney had not been completely honest with the court. After the plaintiff's attorney called the defendant, Boyd, as a witness, the appellee, Jacques, asked for a mistrial and that motion was granted. The court declared a mistrial even though Boyd did not testify. The record is not clear concerning the reason that the trial court considered a mistrial

necessary. The proposed pretrial order of the Vickers, filed in the record, reveals that "All parties" are listed under plaintiffs' witnesses, as well as "All witnesses listed by Defendants." On Jacques' proposed pretrial order Boyd is listed as a witness for the defense. No pretrial order, signed by the trial judge is in the record. Nevertheless, the record shows that Jacques had notice that the plaintiffs intended to call the defendant, Boyd, as a witness.

In assessing attorney's fees against Mr. Denney,[4] the trial court cited *Owens*. But a review of the facts of that case reveals that *Owens* is distinguishable. In that case, a jury was impaneled, and the case was tried for three full days. On the fourth day, after all evidence and testimony had been introduced, after all parties had rested, and after the court had prepared instructions, the plaintiff in that case dismissed. *Owens*, 565 P.2d at 6. After stating that under the "American Rule" governing the award of attorney fees, such fees are not ordinarily recoverable in the absence of a statute or an enforceable contract, this Court went on to hold that the Rule is not an absolute bar to the awarding of attorney fees in the absence of statute or contract. *Owens*, 565 P.2d at 7. As an exception to that rule, this Court stated that "attorney fees may be awarded when an opponent has acted in bad faith, vexatiously, wantonly, or for oppressive rea-

---

*Const. v. Roy J. Hannaford,* 818 P.2d 469, 471–472 (Okla.1991).

**2.** " 'A party aggrieved' is one whose pecuniary interest in the subject matter is directly and injuriously affected or whose right of property is either established or divested by the decision complained of." *Whitman v. Whitman,* 397 P.2d 664, 667 (Okla.1964).

**3.** In a footnote, the dissent states that the use of the word "individually" means no more than that Mr. Denney appears as plaintiffs' attorney individually. A clear reading of the context of the petition in error, quoted by the dissent, reveals that the use of the term "individually" is used emphatically to demonstrate that the trial court had assessed attorney's fees and costs against Richard L. Denney, not against the plaintiffs. With respect to the dissent, Mr. Denney's judgment creditors understood that the $4,000.00 judgment granted to them had been appealed. The June 27, 1988, order upon which this appeal was based, states: "The Court orders

that Plaintiff's [sic] attorney, Richard L. Denney, shall *personally* pay the Defendant, Vernon L. Jacques' attorney the sum of $4,000.00 as attorney fees to be taxed as costs *against Mr. Denney individually* in this matter." (Emphasis added.) The combination of the Petition in Error and the trial court judgment reveal who is the aggrieved party even though the Petition in Error never uses the word "appellant" in reference to Mr. Denney.

**4.** *The appellant cites no statute to support assessing attorney's fees against the attorney for a party to a lawsuit.* Neither 12 O.S.Supp.1987, § 2011 (which provides for sanctions against an attorney for signing a pleading in violation of the rule stated within that statute) nor 12 O.S.Supp.1989, § 3237(A)(4) (which provides for sanctions against an attorney for failure to cooperate in discovery) are applicable in the case at bar.

son." In allowing attorney's fees in the *Owens* case, the oppressive behavior was that the plaintiff brought the controversy in litigation to trial, took the opportunity to test the strength and weakness of his case, then after the close of all the evidence, after the instructions had been decided upon, he dismissed, causing necessary expenses to be wasted by the defendants and causing the parties, attorneys, citizens and court employees to waste a considerable amount of time, money and effort. *Owens*, 565 P.2d at 8.

Is the behavior of the Vickers' attorney likewise oppressive? We think not. The Vickers did not ask that this case be dismissed. Jacques asked for a mistrial. If he had been surprised by the calling of Boyd as a witness, he had other options available to him. He could have asked that the witness be excluded. He could have asked for a continuance. Under either of those alternatives, the trial expenses would not have been wasted. Under the American Rule each litigant bears the cost of representation in the absence of a specific statute or a specific contract between the parties. This case does not present a "bad faith, vexatious or oppressive" exception to the American Rule. *Beard v. Richards*, 820 P.2d 812 (Okla.1991); and, *Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648 (Okla.1991).

HODGES, V.C.J., and LAVENDER, DOOLIN, HARGRAVE and SUMMERS, JJ., concur.

KAUGER, J., concurs by reason of stare decisis.

OPALA, C.J., and SIMMS, J., dissent.

OPALA, Chief Justice, with whom SIMMS, Justice, joins, dissenting.

In a proceeding to review a trial court's counsel-fee award against the plaintiff's lawyer, Richard L. Denney [Denney], the court holds that his appeal was timely brought even though Denney *is not shown as a party appellant anywhere in the petition in error* or in any amendments of that document filed *before* the expiration of the maximum statutory time for commencing this appeal. Today's decision rests on the rationale that the "substance of the petition in error" reveals that he is the party aggrieved by the order.[1] I must recede from the court's pronouncement. I would dismiss the petition in error as utterly inefficacious *for the commencement of Denney's appeal. Neither the caption nor the body of the petition designates this lawyer as a party appellant herein.* The omission constitutes a fatal jurisdictional defect. No less authority than our nation's highest tribunal is unequivocally committed to this mechanical norm of adjective law.[2]

The trial court's counsel-fee award against Denney was for causing a mistrial. The petition in error designates as the sole relief seekers, "DORA L. VICKERS and DERWOOD VICKERS, husband and wife, Plaintiff–Appellant". Denney's status is shown on the face of the petition in error to be that of "attorney for plaintiff/appellant."[3] The Court of Appeals dismissed

---

1. The court apparently relies on these portions of the petition in error:

   "B. DISPOSITION IN TRIAL COURT * * * RELIEF SOUGHT BY APPELLEE:
   Attorney's fees and costs for allegedly causing a mistrial. An Order affirming the Trial Courts [sic] sustaining of their Motion to Assess Attorney's Fees and Costs against the Plaintiff's Attorney, RICHARD L. DENNEY, individually.
   RELIEF GRANTED:
   The Court granted a mistrial; then sustained Defendant's Motion for Attorney's Fees and Costs, granting Defendant an award of $4,000.00, against Plaintiff's attorney, RICHARD L. DENNEY, only."

   The addition of the word "individually" following Denney's name is not sufficient to designate him as a litigant. It means no more than that he appears in the case individually *as plaintiff's attorney.*

2. Procedural rules *must be applied mechanically* to avoid the uncertainties that arise when exceptions are created. *Torres v. Oakland Scavenger Company*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); *United States v. Indrelunas*, 411 U.S. 216, 222, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973).

3. In the petition in error Denney lists himself as counsel for the plaintiff/appellant:
   "G. NAME OF COUNSEL

the appeal because Denney, *the only party aggrieved by the order sought to be reviewed, was listed neither in the body nor in the caption of the petition in error as a party appellant.* I would leave that disposition undisturbed.

### I

A lawyer who deems himself aggrieved by a trial court's order imposing on him liability for counsel fees of the adversary for legal services attributable to vexatious conduct *has standing to and must prosecute an appeal in his own name* by a timely brought petition in error.[4] The omission of an aggrieved party's name from that instrument is *in fact and in law*

**4.** Okl., *Tisdale v. Wheeler Bros. Grain Co.*, Okl., 599 P.2d 1104, 1106 (1979); *see also Tatum v. Tatum*, Okl., 736 P.2d 506, 511 nn. 20, 21 (1982).

ATTORNEY FOR PLAINTIFF/APPELLANT:
Name: LYDIA JOANN BARRETT ...
RICHARD L. DENNEY ...
. Firm: RICHARD L. DENNEY LAW FIRM ..."

**5.** 12 O.S.1981 §§ 990 and 992, *infra; Presbyterian Hosp. v. Bd. of Tax–Roll Corr.*, Okl., 693 P.2d 611, 615 (1984); *Western Okl. Chapter, Etc. v. State, Etc.*, Okl., 616 P.2d 1143, 1147 (1980).

The pertinent terms of 12 O.S.1981 § 990 provided:

"*An appeal to the Supreme Court may be commenced* from an appealable disposition of a court or tribunal by filing with the Clerk of the Supreme Court *a petition in error, within thirty (30) days from the date of the final order or judgment sought to be reviewed.*

\* \* \* \* \* \*

Provided, however, that in all cases the record on appeal shall be complete and ready for filing in the Supreme Court within the time prescribed by rules of that court but within a period of not 'more than six (6) months from the date of the order or judgment complained of unless the Supreme Court, for good cause shown, shall extend the time. *Provided, further, that, except for the filing of a petition in error as provided herein, all steps in perfecting an appeal are not jurisdictional.*" (Emphasis added.)

Section 990 was repealed by Okl.Sess.L.1990, Ch. 251 § 20 eff. Jan. 1, 1991; *see* § 990A for the statutory regime that governs after June 1, 1991.

The pertinent terms of 12 O.S.1981 § 992 provide:

"Where possible, errors in perfecting an appeal must be raised promptly in the trial court, and errors in perfecting an appeal that

that party's failure to meet the jurisdictional deadline.[5] It is undisputed that Denney was neither named in the caption *nor otherwise identified as an appellant in the body of the petition in error filed in this case.*[6]

This court's reviewing cognizance is invocable *only* "in the manner provided by law." Art. 7, § 4, Okl. Const.[7] The Supreme Court is *powerless* to entertain a plea for corrective relief which has not been timely lodged; failure to bring a timely appeal constitutes a *jurisdictional defect.*[8] In *Torres v. Oakland Scavenger Company,*[9] the Court held that the "failure to name a party in a notice of appeal[10] is

could have been raised in the trial court may not be raised for the first time in the appellate court. *The parties may waive any defect or error in perfecting an appeal except the timely filing of a petition in error....*" (Emphasis added.)

The quoted portions of § 992 were not changed by the 1990 and 1991 amendments (Okl.Sess.L. 1990, Ch. 251 § 13 eff. Jan. 1, 1991; Okl.Sess.L. 1991, Ch. 251 eff. June 1, 1991).

**6.** Denney was aware of the defect in his petition in error. *He sought in the Court of Appeals to amend the petition in error to reflect in the caption his status as an appellant. There, he asserted that Rule 1.17, infra note 13, provides for the amendment* of a petition in error *at any time* with leave of court for the correction of errors, "such as the inadvertent non-jurisdictional omission of an appellant's name from the caption of a petition in error". ["Appellant's Petition For Rehearing And Motion To Amend Petition In Error", p. 4]. *Denney was wrong.* After the lapse of maximum.time to appeal, no other party appellant may be *added. Ogle v. Ogle,* Okl., 517 P.2d 797, 799 (1973).

**7.** The pertinent terms of Art. 7 § 4, Okl. Const., provide:

"The appellate jurisdiction of the Supreme Court shall be coextensive with the State and shall extend to all cases at law and in equity; \* \* \* *The appellate and the original jurisdiction of the Supreme Court and all other appellate courts shall be invoked in the manner provided by law.*" (Emphasis added.)

**8.** *See* authorities cited *supra* note 5.

**9.** *Supra* note 2.

**10.** A petition in error is Oklahoma's counterpart of a federal-court notice of appeal. When time-.ly filed, each instrument invests the appellate

more than excusable 'informality;' it constitutes a *failure of that party to appeal.*" [11]

I would adopt for Oklahoma the very same rationale as that followed by our nation's highest tribunal. It is entirely consistent not only with Oklahoma's own procedural regime but also with the uninterrupted course of this state's jurisprudence.

## II

Today's pronouncement allows a *fatally defective petition in error* [12]—one in which no aggrieved party is named as party appellant on the face of the petition—to be amended *after* the expiration of the maximum time for the commencement of the appeal by substituting Denney for his clients as the proper party appellant. An amendment to a petition in error is permitted *only* to include or amplify *issues* raised below, *not to substitute parties.* [13] Allowing an applicant to seek review after the lapse of maximum period allowed by law would result in an *unauthorized judicial extension* of the statutory time for invoking this court's power to grant corrective

relief. [14] The law has *never* permitted one who has not timely appealed, counter-, or cross-appealed to seek corrective relief. [15] I cannot hence countenance today's substitution of Denney as party appellant.

## III

The court's departure from time-honored norms of appellate procedure rescues a lawyer aggrieved by a counsel-fee award from the fatal consequences of his own careless practice—i.e., from *failing to list himself* as a party appellant either in the body of the petition in error or in its caption—and declares him to have been a legitimate relief seeker from the very inception. [16] I cannot give my imprimatur to a norm of adjective law that invites careless practice and puts a premium on ambiguity. This state's time-honored legal tradition counsels a far more considerate treatment for those who prevail at nisi prius. *Not later* than on the morning of the day following the expiration of the maximum statutory time for appealing, the successful trial-court litigant clearly is entitled to be

court with reviewing cognizance. *See* authorities cited in *Bane v. Anderson, Bryant & Co.,* Okl., 786 P.2d 1230, 1238, 1241 n. 13 (1989) (Opala, V.C.J., concurring in part and dissenting in part).

**11.** *Torres v. Oakland Scavenger Company, supra* note 2, 487 U.S. at 315, 108 S.Ct. at 2407 (emphasis added). In *Torres* a party's name was inadvertently omitted from a notice of appeal because of clerical error made by an employee of that party's lawyer.

**12.** *Ogle v. Ogle, supra* note 6 at 799, holds that *after* the maximum time for an appeal's commencement no party appellant may be substituted for one who is without appealable interest.

**13.** *Tisdale v. Wheeler Bros. Grain Co., Inc., supra* note 4 at 1106; *Ogle v. Ogle, supra* note 6 at 799. *See also, State v. County Beverage License No. ABL-78-145,* Okl., 652 P.2d 292, 294-295 (1982); Rule 1.17, Rules on Perfecting a Civil Appeal, 12 O.S.1981, Ch. 15, App. 2, provides in part:

"(a) *Time and extent of amendment*
    The petition in error may be amended at any time before brief in chief is filed, or thereafter by leave of court, *to include any error or any issue presented to and resolved by the trial court which is supported by the record,* ...." (Emphasis mine.)

The quoted part of Rule 1.17 was not changed by amendment of Dec. 20, 1990, eff. Jan. 1, 1991.

**14.** *See* the authorities cited *supra* notes 5 and 7; Rule 1.15(a), Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1985, Ch. 15, App. 2, which provided: *"The petition in error shall be filed within thirty days from the final judgment or final order; ... The interval allowed for filing a petition in error may not be extended by either the trial tribunal or this Court...."* (Emphasis added.) The quoted portions of Rule 1.15 were amended December 20, 1990, eff. Jan. 1, 1991 and March 1, 1991.

**15.** See *State v. County Beverage License No. ABL-78-145, supra* note 13 at 294-295; *May v. May,* Okl., 596 P.2d 536, 540 (1979); *Ogle v. Ogle, supra* note 6 at 799; *Holshouser v. Holshouser,* 166 Okl. 45, 26 P.2d 189 (1933) (syllabus 2); *Sharum v. City of Muskogee,* 43 Okl. 22, 141 P. 22 (1914) (syllabus 1); *see also Price v. Reed,* Okl., 725 P.2d 1254, 1261 n. 29 (1986); *Nilsen v. Tenneco Oil Co.,* Okl., 614 P.2d 36, 39 (1980); cf. *Woolfolk v. Semrod,* Okl., 351 P.2d 742, 745 (1960) (a successful party may, without a counter- or cross-appeal, argue before an appellate court only those errors which, if rectified, would support the correctness of the trial court's judgment).

**16.** *See supra* note 3.

afforded the means of *ascertaining, from mere facial inspection of an adversary's petition in error,* the identity of those parties against whom the judgment remains subject to further review. The appealing party must provide his successful opponent with the opportunity to identify with accuracy, from the four corners of the petition in error, those litigants against whom the adjudicated obligation has become enforceable as final. Today's pronouncement deprives judgment creditors of their minimal claim to certainty about the nisi prius judgment's finality.

In sum, the *precise identity* of the appealing party or parties represents critical information the appellant is required to include either within the caption or elsewhere within the four corners of the petition in error.[17] The statements in Denney's petition in error,[18] on which the court relies for its conclusion, provide *no legal warrant for today's magic transmutation of an omitted relief seeker into a timely party appellant.*

### CONCLUSION

In sum, because Denney is not designated as appellant either in the caption or in the body of the petition in error, I would dismiss his appeal for want of an aggrieved party appellant—one with a pecuniary interest in the corrective relief sought. In my view, the counsel-fee award against Denney became final by lapse of time *when he failed to bring a timely appeal in his own name.* I would hence leave the Court of Appeal's dismissal of Denney's appeal undisturbed.

---

**17.** This is the clear mandate of this court's April 3, 1972 order which implements the provisions of 20 O.S.1971 § 3002. The order expressly enjoins that *"[t]he appealing party shall be designated in the caption as 'Appellant' ...".* (Emphasis mine.)

"The terms of 20 O.S.1991 § 3002 are:
  "The designation of parties in the caption of any cause appealed to the Supreme Court or the Court of Criminal Appeals shall correspond with the sequence in which the designation of the parties appeared in the trial court case."
The court's April 3, 1972 order provides in part:
  " * * * The appealing party shall be designated in the caption as 'Appellant', the party defending the judgment of the trial court as 'Appellee.' The designation 'Plaintiff in Error' and 'Defendant in Error' shall no longer be used in the caption after April 5, 1972. * * * "

