2011 OK CIV APP 125

**Michael ROOT and Erin Root, as Parents and Next Friend of Cody Root, a minor, Plaintiffs/Appellants,**

v.

**SDI OF OWASSO, d/b/a Sonic, Defendant/Appellee.**

No. 107,872.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 3, 2011.

Certiorari Denied Nov. 28, 2011.

548

Mark S. Stanley, Carpenter Stanley & Myers, Tulsa, Oklahoma, for Plaintiffs/Appellants.

Sean H. McKee, Matthew B. Free, Bob D. James, Best & Sharp, Tulsa, Oklahoma, for Defendant/Appellee.

BAY MITCHELL, Presiding Judge.

¶ 1 Plaintiffs Michael Root and Erin Root, as Parents and Next Friend of Cody Root, a minor, ("Roots") seek review of the trial court's order dismissing the case without prejudice [1] upon its grant of Defendant SDI of Owasso, d/b/a Sonic's ("Sonic") Motion to Dismiss for Roots' failure to comply with the trial court's order requiring Roots to submit to deposition pursuant to 12 O.S. § 3237(E)(1). Additionally, Roots appeal the trial court's award of attorney fees and costs to Sonic in the amount of $1,700, which were granted as a discovery sanction. Upon review of the matter, we affirm.

¶ 2 The Roots allege the minor was injured on the Sonic premises by an unsafe, dangerous ceiling fan. Sonic contends the boy's uncle threw him into the air above his head and directly into the path of a moving ceiling fan, which caused the injury to the child's head. In an attempt to discover the basis of Roots' allegations, Sonic requested the depositions of Michael and Erin Root. The record reflects counsel for Sonic made numerous attempts in the summer of 2008 to set the depositions by agreement. Counsel for Roots ignored such attempts and Sonic issued and served notices for the Roots' depositions on June 27, 2008. On July 2, 2008 (one day prior to the date upon which the depositions were scheduled to occur), Roots' counsel filed a motion to quash the deposition notices, but failed to obtain an order quashing the depositions. The Roots failed to appear at their July 3, 2008 depositions and a record was made of their failure to appear.

¶ 3 In July, counsel for Sonic served new notices for the depositions of the Roots and once again, on the day prior to the August 8, 2008 deposition, counsel for Roots filed another motion to quash. Counsel for Roots again failed to obtain an order quashing the deposition notices and the record includes transcripts documenting the Roots' failure to appear at their depositions on August 8, 2008 and August 11, 2008 respectively.

¶ 4 On September 9, 2008, the trial court held a hearing on the Roots' motions to quash and Sonic's motion for fees and costs. Counsel disputed whether Roots' counsel had received timely notice of the depositions, and ultimately the trial court quashed the notices for inadequate notice. However, the court noted the refusal of Roots' counsel to provide any dates of his clients' availability for their depositions despite Sonic's repeated attempts to schedule the depositions by agreement. The trial court ordered Roots' counsel to call his clients immediately (from the court's tele-

---

1. The trial court's order is appealable because a dismissal without prejudice that prevents judgment is treated as a final order for the purpose of an appeal. *State ex rel. Wright v. Oklahoma Corp. Comm'n,* 2007 OK 73, n. 1, 170 P.3d 1024.

phone) and provide dates of their availability for deposition. Sonic thereafter withdrew its application for fees and costs. The trial court ultimately ordered the Roots to appear for their deposition on October 10, 2008. Despite the entry of the trial court's order, the Roots failed to appear.

¶5 Sonic's numerous subsequent attempts in January 2009 to schedule the court-ordered depositions failed due to lack of response by Roots' counsel. Finally, Sonic again served notices of the depositions to take place on March 23, 2009 and March 24, 2009. Counsel once again filed a motion to quash and again, without obtaining a ruling on that motion, the Roots failed to appear at their depositions.

¶6 On April 27, 2009, Sonic filed its Motion to Dismiss, wherein it noted its numerous failed attempts to schedule the depositions by agreement and the Roots' noncompliance with the court's order mandating the appearance of Michael and Erin Root at their depositions on October 10, 2008. The trial court granted the Motion to Dismiss for the Roots' failure to comply with the court's order and additionally awarded fees and costs to Sonic.

¶7 It is clear from the court's explanation in open court at the hearing on November 12, 2009, that the attorney fees and costs were awarded to Sonic as a sanction directly against counsel for the Roots pursuant to 12 O.S. § 3237. Specifically, 12 O.S. Supp.2010 § 3237(E) provides that when a party receives proper notice of a deposition to appear and testify, and then fails to appear:

> the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs a, b and c of paragraph 2 of subsection B of this section. In lieu of or in addition to any order, the court shall require the party failing to act or the attorney advising him or her or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

12 O.S. § 3237(E).

That statutory subsection refers to paragraph 2 of subsection B, which provides a variety of orders, which the court may issue for the purpose of sanctioning a party for failure to comply with an order of the court. Additionally, that provision includes a similar sanction as follows:

> In lieu of or in addition to the orders provided for in this paragraph, the court shall require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

12 O.S. § 3237(B)(2).

¶8 Sonic presented affidavits, billing records and expert testimony in support of the reasonableness of Sonic's attorney fees, which it sought in the amount of $3,412.50. Counsel for Roots failed to present any evidence in opposition. Ultimately, the trial court assessed fees against counsel only (not against Roots) in the amount of $1,700.00.

¶9 We review the imposition of discovery sanctions by an abuse of discretion standard. *Payne v. Dewitt*, 1999 OK 93, ¶9, 995 P.2d 1088, 1093. "Whether ... dismissal is a proper sanction calls for a fact-specific inquiry." *Id.* "[T]he trial court's discretion, while broad, is not unbridled. The sanction must be both fair and related to the particular claim (or defense) at issue in the discovery order." *Id.* Upon a party's failure to appear at a deposition, sanction in the form of a dismissal sought pursuant to § 3237(B)(2) and (E) must be based upon the failure to obey and order compelling the party's attendance at the deposition." *Martin v. Johnson*, 1998 OK 127, ¶37, 975 P.2d 889, 899.

¶10 The Roots contend the trial court never ordered a deposition, but rather, it simply required counsel to provide a date for same. Additionally, the Roots assert error in the trial court's entry of the dismissal order without a hearing and/or entry of factual findings. To the extent these allegations present new issues not previously raised in

the trial court, we refrain from providing a first-instance consideration on appeal. *Steiger v. City Nat'l Bank of Tulsa*, 1967 OK 41, ¶ 24, 424 P.2d 69, 72; *State v. Torres*, 2004 OK 12, n. 15, 87 P.3d 572, 578.

■ ¶ 11 The Roots argue the severity of the sanction amounts to abuse of discretion. Given the facts of this case, which demonstrate more than ten months of Sonic's repeated attempts to schedule the Roots' depositions and Counsel's persistent refusal to make his clients available for same even in blatant disobedience to the court's order, we find dismissal without prejudice an appropriate sanction. *See Payne v. Dewitt*, 1999 OK 93, 995 P.2d 1088 (upholding the trial court's declaration of liability and fee award sanction for the defendant's failure to appear at court-ordered deposition spanning a five-month period of time and offering no explanation for his absence). The Roots explain their failure to attend the deposition by conflict in their schedules due to travel plans and/or Counsel for Roots' trial schedule.[2] The Roots' explanations fail to demonstrate an *inability* to comply with the court order mandating their attendance at their depositions on October 10, 2008. None of the various reasons justify the Roots' failure to comply with the court's order mandating their attendance at their deposition at a time/date certain. Rather, the Roots and their counsel's conduct throughout discovery demonstrate a pattern of delay and neglect, which is wasteful of judicial resources and worthy of dismissal as a sanction. Where the record reveals a course of protracted neglect of discovery duties, dismissal is appropriate. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). As for the severity of dismissal here, we note this particular dismissal is *without* prejudice and the Roots are free to re-file the action.

■ ¶ 12 Consideration of the factors applicable to the imposition of sanctions supports the trial court's decision to dismiss this case without prejudice. "These factors are: (1) the quantum of prejudice noncompliance has caused the adversary (or moving) party,

(2) the extent of interference with the judicial process, (3) culpability of the litigant, (4) whether the court warned the party in advance that noncompliance could lead to dismissal or default judgment, and (5) the efficacy of lesser sanctions." *Payne v. Dewitt*, 1999 OK 93 at ¶ 8, 995 P.2d at 1093. The record reflects Roots repeatedly ignored requests to schedule the depositions and intentional noncompliance with the court order, which supports a finding of willfulness and/or fault on the part of Roots. Their refusal to appear for depositions significantly impeded Sonic's ability to defend itself in the case, as the Roots are presumably the most critical witnesses to the circumstances of the accident and primary source of the facts giving rise to their allegations of negligence.

¶ 13 Further, although the Roots claim they had no warning that the failure to attend their depositions would result in a sanction and/or dismissal of their case, the transcript from the hearing on September 9, 2008 reveals otherwise. In addition to general warnings, the trial court pronounced "they can either pay attention to this litigation or they can dismiss it and re-file it when they can pay attention to the litigation."

■ ¶ 14 The Roots appeal the trial court's November 24, 2009 order awarding attorney fees to Sonic in the amount of $1,700 (awarded as a sanction against Roots' Counsel). This order expressly provided "the attorney fee award is entered against Plaintiffs' counsel, Mark Stanley, and not against the individual Plaintiffs." Neither the caption of the petition in error on appeal, nor the captions and/or body of the amended petitions-in-error designate Mark Stanley as a party Appellant herein. Because the real party in interest in an appeal from a trial court's order imposing sanctions against counsel directly is counsel himself (and not the party he represents in the underlying action), the omission of the designation of Appellant's counsel as a party appellant in appellate pleadings constitutes a fatal jurisdictional defect. *Davis v. Howard*, 1990 OK CIV APP 82, 803 P.2d 1172. Because we are without jurisdiction to

---

**2.** The trial court made a finding at the November 12, 2009 attorney fee hearing that counsel was not in trial on the date of the deposition and that

therefore, counsel had no reason to justify disobeyance of the court's order that the deposition take place on a certain date and time.

review the allegations of error pertaining to sanctions imposed directly against counsel Mark Stanley, we therefore refrain from review of the trial court's fee award.

¶ 15 Upon our consideration of the matter, we find no abuse of discretion in the trial court's dismissal of the matter pursuant to 12 O.S. § 3237.

¶ 16 AFFIRMED.

JOPLIN, J., and BUETTNER, J., concur.